FILED
COURT OF APPEALS
DIVISION II

2013 APR -2 AM 8: 51

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In re Detention of:

AUSAGETALITAMA FAGA,

                    Petitioner.

No. 43651-5-II

UNPUBLISHED OPINION

PENOYAR, J. — Ausagetalitama Faga appeals his pretrial confinement as a sexually violent predator, arguing that the trial court violated his right to present telephonic testimony as part of a contested probable cause hearing. We agree and reverse and remand.[1]

## FACTS

Faga was convicted of first degree rape in 1998 and sentenced to 171 months' incarceration. Faga was due to be released on April 26, 2012, but on April 24, the State filed a petition seeking the involuntary civil commitment of Faga as a sexually violent predator.

In support of the petition, the State submitted Dr. Harry Hoberman's report. Dr. Hoberman concluded that Faga met the definition of a sexually violent predator. He opined that Faga suffers from antisocial personality disorder and psychopathy, which make him more probable than not to engage in predatory acts of sexual violence if not confined in a secure facility.

Faga filed a motion to dismiss the petition. In support of his motion, Faga submitted Dr. Joseph Plaud's declaration. Dr. Plaud challenged Dr. Hoberman's use of three tests, the Static-99, MnSOST-R, and SORAG, to evaluate Faga's risk of reoffending. He stated that the Static-

---

[1] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then referred it to a panel of judges.

99 and MnSOST-R are now disfavored actuarial tools for evaluating sex offenders, and that the SORAG overpredicts for future risk of sexually offending because it is designed to evaluate the risk of violent reoffending generally.

On June 11, 2012, the trial court held a contested probable cause hearing. Faga sought to present Dr. Plaud's telephonic testimony. The trial court denied his request, stating that it considered the telephonic testimony "a waste of time" because "even if [the doctors] testified by telephone, Dr. Plaud and Dr. Hoberman are not going to say anything different . . . ." Report of Proceedings (RP) at 19. It concluded that Hoberman's report satisfied the State's burden of presenting prima facie evidence that Faga meets the definition of a sexually violent predator. The trial court signed an order affirming the existence of probable cause. Faga filed a motion for discretionary review, which a commissioner of our court granted. RAP 2.3(b).

## ANALYSIS

Faga argues that the trial court violated former RCW 71.09.040(3), which provides that the respondent "shall" have the right to present evidence at a probable cause hearing and "must" permit telephonic testimony. The State concedes that "[b]ecause the statute expressly provides for the presentation of evidence by telephone, the court should have allowed [Faga] to present the testimony of Dr. Plaud, to the extent such testimony was otherwise admissible." Resp't's Br. at 6.

We review the trial court's decisions to admit or exclude evidence to determine whether the decision was manifestly unreasonable or based on untenable grounds or reasons. *In re Det. of Coe*, 160 Wn. App. 809, 817, 250 P.3d 1056 (2011), *aff'd*, 175 Wn.2d 482 (2012); *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

After the State files a petition to civilly commit an individual under chapter 71.09 RCW, a judge must make a preliminary determination as to whether probable cause exists that the individual meets the statutory definition of a sexually violent predator. Former RCW 71.09.040(1) (2009). If the judge determines that probable cause exists that the individual is a sexually violent predator, he or she may be taken into custody. Former RCW 71.09.040(1). The individual is then entitled to a contested probable cause hearing[2] within seventy-two hours of the judge's preliminary, ex parte, finding of probable cause. Former RCW 71.09.040(2). At the contested probable cause hearing, the individual "shall have the following rights":

> (a) To be represented by counsel; (b) *to present evidence on his or her behalf*; (c) to cross-examine witnesses who testify against him or her; (d) to view and copy all petitions and reports in the court file. The court must permit a witness called by either party to testify by telephone.

Former RCW 71.09.040(3) (emphasis added). Former RCW 71.09.040(3), therefore, granted Faga the "right" to present Dr. Plaud's telephonic testimony on his behalf.

The State nevertheless urges us to affirm because the trial court concluded that Dr. Plaud's testimony was "unnecessary" and Faga failed to "correct the court's assumption or make any offer of proof." Resp't's Br. at 6. Our review of the probable cause hearing, however, shows that Faga both objected to the trial court's decision to proceed without Dr. Plaud's testimony and attempted to summarize the substance of the testimony for the court. When Faga sought to have Dr. Plaud testify, the State took the position that Dr. Plaud's testimony was "irrelevant" because Dr. Hoberman's report satisfied the requirement that it present prima facie

---

[2] RCW 71.09.040 was amended to grant a detainee the right to a contested probable cause hearing after our Supreme Court ruled in *In re Detention of Young*, 122 Wn.2d 1, 45-46, 857 P.2d 989 (1993), that sex offenders had due process and equal protection rights to appear "before the court to contest detention in any civil commitment proceeding," including probable cause hearings.

proof that Faga satisfied the sexually violent predator definition and the court was not allowed to weigh evidence in a probable cause hearing. Faga disagreed with the State's position, referencing former RCW 71.09.040. Faga also stated that "the testimony that I would be presenting from Dr. Plaud is as to whether the report that Dr. Hoberman filed and the methods he used . . . [interrupted by follow-up question from court]." RP at 18.

We hold that by refusing to allow Faga to present testimony, the trial court failed to follow the required probable cause hearing procedure set out in former RCW 71.09.040(3). Accordingly, we reverse and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Penoyar, J.

We concur:

_____
Worswick, C.J.

_____
Johanson, J.

4